IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| DEAN B. EBERWEIN, | ) | |
|---|---|---|
| | ) | CIVIL ACTION NO. 3:15-118 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| COMMONWEALTH OF PENNSYLVANIA, | ) | |
| DEPARTMENT OF CORRECTIONS, et al., | ) | |
| Defendants. | ) | |

**Memorandum Opinion and Order**

**I.      Introduction**

This case arises from the termination of Plaintiff's employment. Presently before this Court is a motion to dismiss by Defendants Commonwealth of Pennsylvania, Department of Corrections, and John E. Wetzel. (ECF No. 7.) For the reasons that follow, the Court will **GRANT** Defendants' motion to dismiss the Complaint.

**II.     Jurisdiction and Venue**

The Court has jurisdiction over Plaintiff's federal-law claim pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 13(a)(4). The Court has supplemental jurisdiction over Plaintiff's state-law claim pursuant to 28 U.S.C. § 1367. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

**III.    Background**

Plaintiff initiated the instant action by filing a two-count complaint on April 22, 2015. (ECF No. 1.) Plaintiff alleges the following facts in the complaint, which the Court accepts as true for the sole purpose of deciding the pending motion.

1

Plaintiff began his employment with Defendant Commonwealth of Pennsylvania, Department of Corrections, on April 20, 1998, and was continuously employed there until March 18, 2014. (*Id.* ¶¶ 11-12, 24.) Defendant John E. Wetzel is employed by the Commonwealth of Pennsylvania and is being sued here individually in his capacity as the Secretary of the Department of Corrections. (*Id.* ¶ 9.) Plaintiff consistently received commendable and outstanding annual employee performance reviews over the course of his sixteen years of employment with Defendant Commonwealth of Pennsylvania, Department of Corrections. (*Id.* ¶ 11.)

In Count I of the complaint, Plaintiff asserts a claim for age discrimination. (*Id.* ¶¶ 13-22.) In support thereof, Plaintiff avers that he was terminated based on his age because he was qualified to perform his job and had done so satisfactorily. (*Id.* ¶¶ 14-15.) Plaintiff states that he was treated unfairly on several occasions while employees who were not members of the age-protected class were not treated negatively. (*Id.* ¶¶ 16.) Plaintiff alleges that his termination was based upon his age because he had more experience, training, and education than the remaining younger employees. (*Id.* at ¶ 17.)

In Count II of the complaint, Plaintiff asserts a claim for intentional infliction of emotional distress. (*Id.* ¶¶ 23-30.) In support thereof, Plaintiff avers that six disciplinary charges were filed against him on January 10, 2014. (*Id.* ¶ 24.) Following a meeting on January 14, 2014, two of the six disciplinary charges were dismissed. (*Id.* ¶¶ 25, 27.) Plaintiff alleges that Defendant Wetzel implemented a substandard policy concerning the investigation that led to the suspension of Plaintiff's duties. (*Id.* ¶¶ 28-29.) Plaintiff states that Defendants' conduct was knowing, intentional, and malicious. (*Id.* ¶ 30.) Plaintiff further avers that he has suffered

mental anguish as a result of the unsubstantiated disciplinary charges and his subsequent dismissal. (*Id*. ¶ 29.)

On June 15, 2015, Defendants filed a motion to dismiss and a brief in support of their motion. (ECF Nos. 7, 8.) Plaintiff filed his response and a brief in opposition to Defendants' motion on July 2, 2015. (ECF Nos. 9, 10.) The parties have fully briefed the Court on the pending motion, and the matter is now ripe for adjudication.

### IV. Applicable law

Defendants have filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) allows a party to seek dismissal of a complaint or any portion of a complaint for failure to state a claim upon which relief can be granted. Although the federal pleading standard has been "in the forefront of jurisprudence in recent years," the standard of review for a Rule 12(b)(6) challenge is now well established. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 209 (3d Cir. 2009).

In determining the sufficiency of a complaint, a district court must conduct a two-part analysis. First, the court must separate the factual matters averred from the legal conclusions asserted. *See id*. at 210. Second, the court must determine whether the factual matters averred are sufficient to show that the plaintiff has a "'plausible claim for relief.'" *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint need not include "'detailed factual allegations.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)).

3

Moreover, the court must construe the alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *See id*. at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003)). However, "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action…do not suffice." *Iqbal*, 556 U.S. at 678. Rather, the complaint must present sufficient "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sheridan v. NGK Metals Corp*. 609 F.3d 239, 262 n.27 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

Ultimately, whether a plaintiff has pleaded a "plausible claim for relief is a "context-specific" inquiry that requires the district court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The relevant record under consideration includes the complaint and any "document integral to or explicitly relied upon in the complaint." *U.S. Express Lines, Ltd. V. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). If a complaint is vulnerable to dismissal pursuant to Rule 12(b)(6), the district court must permit a curative amendment, irrespective of whether a plaintiff seeks leave to amend, unless such amendment would be inequitable or futile. *Phillips*, 515 F.3d at 236; *see also Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

V.  **Discussion**

Defendants argue that Plaintiff's complaint is insufficient because his claims are barred by the doctrine of sovereign immunity. ([ECF No. 8 at 3-5](#).) The Court will separately address Plaintiff's claims.

### A. Plaintiff's Federal Claim for Age Discrimination

Defendants state that Count I of Plaintiff's complaint arises under the Age Discrimination in Employment Act ("ADEA"). (*Id*. at 3.) Defendants explain that Pennsylvania is immune from liability for claims arising under the ADEA, because Pennsylvania has not specifically waived immunity for ADEA violations and because such violations are not included in the statutory exceptions to sovereign immunity. (*Id*.) Additionally, Defendants contend that Count I must be dismissed because the ADEA does not provide for individual liability. (*Id*.)

In response, Plaintiff argues that his claim cannot be dismissed because the parties have not yet commenced the discovery process. (ECF No. 10 at 5.) He contends that Defendants' motion is premature because the "test" for dismissal "is whether [Plaintiff] is entitled to offer evidence to support the claim." (*Id*.) Plaintiff also asserts that he received a Right to Sue Letter from the Equal Employment Opportunity Commission ("EEOC"), informing Plaintiff of his right to proceed to federal court. (*Id*. at 5, 8-9.)

The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI. The Eleventh Amendment precludes private federal litigation against a state and its agencies. *Hans v. Louisiana*, 134 U.S. 1, 15-16 (1890); *see also Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-73 (2000); *Lombardo v. Pennsylvania*, 540 F.3d 190, 194-95 (3d Cir. 2008). Only two exceptions apply where an individual may file an action against a state. First, Congress may authorize an action to enforce the Fourteenth Amendment. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976). Second, a state may waive its immunity and consent to a suit. *Clark v.*

*Barnard*, 108 U.S. 436, 447-48 (1883). Neither exception applies in this case because the Commonwealth has explicitly reserved its right to immunity from suit in federal court. 42 Pa. C.S. § 8521(b).

It is well established that the Eleventh Amendment bars suits against states and state agencies alleging claims under the ADEA. *See Kimel*, 528 U.S. at 91 ("We hold only that, in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals."); *Shahin v. Delaware*, 424 F.Appx. 90, 92 (3d Cir. 2011) ("the Supreme Court has held, however that the ADEA does not abrogate the states' Eleventh Amendment immunity to suits by private individuals for damages."). The Department of Corrections is an arm of the state and is therefore immune under the Eleventh Amendment. *See Lavia v. Pennsylvania*, 224 F.3d 190, 195 (3d Cir. 2000); *O'Donnell v. Pennsylvania Dep't of Corrections*, 790 F.Supp.2d 289, 297 n.8 (M.D. Pa. 2011). This immunity extends to individual defendants, as employees of the Department of Corrections, to the extent that they are sued in their official capacities. *See Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996).

The Court will therefore dismiss Plaintiff's ADEA claim against Defendants. *See, e.g., Naugle v. Pa.*, No. 11-CV-244, 2012 U.S. Dist. LEXIS 76388, at *5 (W.D. Pa. June 1, 2012 ) (dismissing ADEA claim against the state); *Delie v. Pennsylvania*, No. 11-CV-1424, 2012 U.S. Dist. LEXIS 12203, at *4-5 (W.D. Pa. Feb. 1, 2012) (dismissing the plaintiff's ADEA claim against the Commonwealth's Department of Corrections because "her allegations under the ADEA against Defendant, a state agency, [could not] withstand scrutiny under the Eleventh Amendment"); *Davis v. Commonwealth*, No. 01-CV-3091, 2002 U.S. Dist. LEXIS 3357, at *7-9 (E.D. Pa. Feb. 22, 2002) (dismissing ADEA claim).

### B. Plaintiff's State-Law Claim for Intentional Infliction of Emotional Distress

Defendants argue that Plaintiff's state-law claim for intentional infliction of emotional distress in Count II of the complaint is insufficient because Commonwealth employees acting within the scope of their employment or duties are protected by sovereign immunity from the imposition of liability for intentional tort claims. (ECF No. 8 at 4.) Defendants argue that although there are nine enumerated exceptions to the general sovereign immunity enjoyed by Commonwealth parties, intentional torts such as the intentional infliction of emotional distress are not among them. (*Id*. at 4-5.)

In response, Plaintiff argues that his claim cannot be dismissed because the parties have not yet commenced the discovery process. (ECF No. 10 at 5.) Plaintiff argues that Defendants' motion must therefore be denied as premature. (*Id*.)

The Court need not address the parties' arguments because this Court only has jurisdiction over this state-law claim pursuant to supplemental jurisdiction. Jurisdiction over supplemental state law claims is governed by 28 U.S.C. § 1367(a), which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, the Court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." *Id*. § 1367(c)(3). As to § 1367(c)(3), "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state law unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*,

204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).

For the reasons set forth above, Plaintiff has failed to plead any claims over which this Court has original jurisdiction. Moreover, the Court does not find that an affirmative justification for exercising jurisdiction over the state-law claim is present in this case. The Court therefore must decline to exercise supplemental jurisdiction over the pendent state-law claims, without prejudice to Plaintiff's ability to re-file his claim in state court. *See* 28 U.S.C. § 1367(d) (providing for at least a thirty-day tolling of any applicable statute of limitation to allow a plaintiff time to re-file state-law claims in state court).

**C. Leave to amend**

The law is well settled that "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245. Likewise, Federal Rule of Civil Procedure 15 embodies a liberal approach to amendment and directs that "leave shall freely be given when justice so requires" unless other factors weigh against such relief. *Dole v. Arco Chemical Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990). Factors that weigh against amendment include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is futile "if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). A district court may therefore "properly deny leave to amend where the

amendment would not withstand a motion to dismiss." *Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d Cir. 1989); *Davis v. Holder*, 994 F.Supp.2d 719, 727 (W.D. Pa. 2014).

The Court finds that any amendment to Plaintiff's federal claim contained in Count I would be futile pursuant to the well-settled law discussed *supra*, Part V, Section A. *See, e.g., Naugle*, 2012 U.S. Dist. LEXIS 76388, at *6 (dismissing the plaintiff's ADEA claim with prejudice as barred by the Eleventh Amendment); *Kerstetter v. Pa. Dep't of Corr. Sci-Coal Twp.*, No. 08-CV-1984, 2009 U.S. Dist. LEXIS 37921, at *17 (M.D. Pa. May 5, 2009) (dismissing the plaintiff's ADEA claim with prejudice as barred by the Eleventh Amendment).

With regard to Plaintiff's state-law claim contained in Count II, the issue of amendment of the complaint does not arise as the Court has declined to exercise jurisdiction over Count II, because the claim over which this Court has original jurisdiction has been dismissed. However, as discussed above, Plaintiff's ability to re-file his claim in state court will not be prejudiced.

**D. Conclusion**

For the reasons stated above, the Court will dismiss Count I of Plaintiff's complaint with prejudice. The Court will decline to exercise supplemental jurisdiction over Count II without prejudice to Plaintiff's ability to re-file his state-law claim in state court.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| DEAN B. EBERWEIN, | ) | |
|---|---|---|
| | ) | CIVIL ACTION NO. 3:15-118 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| COMMONWEALTH OF PENNSYLVANIA, | ) | |
| DEPARTMENT OF CORRECTIONS, et al., | ) | |
| Defendants. | ) | |

## ORDER

**AND NOW**, this 29th day of January, 2016, upon consideration of Defendants Commonwealth of Pennsylvania, Department of Corrections, and John E. Wetzel's motion to dismiss (ECF No. 7)., and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED** that Defendants' motion is **GRANTED** as follows:

(1) Count I of Plaintiff's complaint is dismissed with prejudice.

(2) The Court declines to exercise supplemental jurisdiction over Count II of Plaintiff's complaint, without prejudice to Plaintiff's ability to re-file his state-law claim in state court.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE